# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                 Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                     Fax: 718-740-2000
*Employment and Labor Lawyer*                                             Web: www.abdulhassan.com

December 21, 2022

**Via ECF**

Hon. Katherine H. Parker, UMDJ
United States District Court, SDNY
500 Pearl Street,
New York, 10007 NY
Tel: 212-805-0292

 **Re: Morris v. Richmond Community Services Foundation, Inc.**
   Case #: 22-CV-05618 (KHP)
   Motion for Settlement Approval

Dear Magistrate-Judge Parker:

 My firm represents plaintiff Sandra Morris ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action pursuant to the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the fully executed settlement agreement and Exhibit 2 is a copy of the retainer agreement between Plaintiff and her counsel – the basis for the 1/3 fee in this case.  Exhibit 3 are the costs receipts in the case.

 The parties have consented to Your Honor's jurisdiction. (See ECF No. 19).

 Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime, COVID pay, under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

 Based on the allegations in the complaint and the information available at this time, Plaintiff is owed unpaid overtime wages of approximately $20,821.68 under the NYLL six-year period – including about $6,940 under the FLSA two-year period for non-willful violations. Defendant may also be able to avoid the imposition of liquidated damages if it proves a good-

faith affirmative defense. Assuming Plaintiff prevails on her wage notice and wage statement violations she could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information before, and during the two mediations conducted by a mediator from this Court's mediation panel.

The documents and information produced by Defendant appear to show that Plaintiff did not qualify for the COVID payments and Plaintiff was paid at her correct hourly rate for most of her overtime hours except for the lunch time overtime claim - the parties were in dispute as to whether Plaintiff received a bona fide meal break for which a deduction from work time was made (29 C.F.R. § 785.18; 29 C.F.R. § 785.19). Importantly, after weighing the evidence and arguments, an experienced mediator from this Court's panel made a settlement recommendation which was eventually accepted by both sides.

The total settlement amount is $18,000. (See Ex. 1 ¶ 1). Under the settlement, Plaintiff is due to receive $11,682 after costs ($477) and a 1/3 contingency fee ($5,841). (See Ex. 1 ¶ 1(a-c)).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $5,841 after reimbursement of $477 in filing ($402), and service ($75), costs. (Ex. 1 ¶ 1(c))[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions).

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

      Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Ahluwalia v. Zaika Food Company,* Case #: 19-CV-10940 (KHP) (approving 1/3 fees of $13,274 under *Cheeks*); *Caltempa Molina v. Buena Vista Tortillas Corp. et al*, Case No. 20-cv-04925 (Judge Parker - January 4, 2021) (approving 1/3 fees of $11,466 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*).

      In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, the amount Plaintiff is due to receive under the settlement is not insignificant – especially in light of the factual and legal issues. Second, Defendant disputes liability and a jury can award Plaintiff less than she is receiving here or nothing. Third, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation. Finally, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation, and who vigorously advocated on behalf of their respective clients during settlement discussions.

      Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

      We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq.

**cc:**    **Defense Counsel via ECF**